UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-22283-CV-GAYLES
MAGISTRATE JUDGE REID

CHRISTOPHER M. GORDON,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court upon a *pro se* Petition for Writ of *Habeas Corpus*, which the Court will construe as being filed pursuant to 28 U.S.C. § 2241 because Petitioner is challenging his continued detention rather than validity of the sentence. Petitioner is challenging his continued detention at the Metro West Detention Center following a criminal conviction in the Eleventh Judicial Circuit in and for Miami-Dade County, Case No. 19-15795. [ECF No. 1]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Because it appears that the Petition is moot and summary dismissal is warranted, a no order to show cause was issued.

## II. Claims

Construing the petition liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Petitioner contends that he is being held in custody at the Metro West Detention Center beyond the date his case ended. [ECF No. 1 at 3]. The only relief sought is immediate release from Metro West Detention Center. For the reasons discussed in this Report, the instant petition is moot and should be dismissed.

### III.   Relevant Procedural History

Petitioner alleges that he was convicted and sentenced to time served in a Florida state criminal case. [ECF No. 1 at 2]. The sentence was imposed March 16, 2020. [*Id*.]. Although not mentioned by Petitioner, he has also been charged in a federal criminal case in this district. *See United States v. Gordon*, 19-20694-CR-MOORE, [ECF No. 3]. A writ of *habeas corpus ad prosequendum* was issued to obtain the presence of Petitioner in federal court to answer the criminal charge. *Id*. at [ECF Nos. 8, 12]. Petitioner was before the court on May 29, 2020 for arraignment at which time he was ordered held in detention pending trial. *Id*. at [ECF No. 17]. According to the Bureau of Prisons inmate locator, Petitioner is currently in custody at the Miami Federal Detention Center. *See* Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

### IV.        Petition is Moot

Because the only relief sought by Petitioner is his release from Metro West Detention Center, the instant Petition is moot. "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336. Petitioner is no longer in custody at Metro West Detention Center as he has been transferred to the custody of the Bureau of Prisons awaiting trial on federal criminal charges. Since the court cannot grant the relief requested the Petition should be dismissed as moot.

### V. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA") to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180 (2009).

This Court should issue a COA only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

After review of the record, Petitioner is not entitled to a certificate of appealability. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation.

### VII.  Recommendations

Based upon the foregoing, it is recommended that this Petition for Habeas Corpus relief be **DISMISSED** as **MOOT**, that no certificate of appealability issue, and that the case be **CLOSED** by the Clerk of Court.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 1st day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Christopher M. Gordon**
57684-056
Metro West Detention Center
13850 NW 41 Street
Miami, FL 33178
*PRO SE*

Noticing 2254 SAG Miami-Dade/Monroe
Email: CrimAppMIA@MyFloridaLegal.com